UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
(Dublin Division)

| | |
|---|---|
| **COLONY INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**ALAN BAGGETT, and KIMBERLY HOWELL,**<br><br>Defendants. | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Colony Insurance Company ("Colony") files this Complaint for Declaratory Judgment, and, upon information and belief, states as follows:

### INTRODUCTION

1. This is an insurance coverage dispute in which Colony seeks a judicial determination of its rights and obligations, if any, under a policy issued to Alan Baggett for a suit brought by Kimberly Howell because of burns she sustained from a fire on Mr. Baggett's farm.

2. The policy provides limited coverage—specifically, a sublimit of $25,000—for bodily injury resulting from a "hostile fire," defined as "[a fire] which becomes uncontrollable or breaks out from where it was intended to be."

3. The fire that injured Ms. Howell was a fire initially set by Mr. Baggett to clear vegetation from his land that became uncontrolled and, as such, was a hostile fire within the meaning of the policy and subject to the $25,000 sublimit.

4. The policy also includes a pollution exclusion, which bars coverage for bodily injury on account of the dispersal, release or escape of pollutants, including thermal irritants, smoke and fumes, except to the extent that the injury is the result of a hostile fire.

5. Ms. Howell's injury is the result of the dispersal, release or escape of pollutants—namely, the flare up of flames caused by the throwing of fuel on the fire—and therefore, if the fire that injured her is not a hostile fire, then coverage is barred by the pollution exclusion.

6. Accordingly, Colony is entitled to a declaration that, to the extent there is any coverage available here, it is because of a hostile fire, which is sublimited to $25,000. Alternatively, if the fire at issue is not a hostile fire, Colony is entitled to a declaration that coverage is barred in its entirety by the pollution exclusion.

**PARTIES, JURISDICTION AND VENUE**

7. Plaintiff Colony is a Virginia corporation with its principal place of business in Richmond, Virginia.

8. Defendant Alan Baggett resides in Laurens County, Georgia, and is a citizen of the State of Georgia.

9. Defendant Kimberly Howell resides in Laurens County, Georgia, and is a citizen of the State of Georgia.

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332. There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

11. This is an action for declaratory judgment, filed pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, *et seq*. An actual case and controversy of a justiciable nature exists between Plaintiff and Defendants, involving the rights, duties, and obligations, if any, of the parties under an insurance policy issued by Colony to Alan Baggett.

12. Venue in this District is proper pursuant to 28 U.S.C. § 1391(1) and (2), as Defendants reside in this District and a substantial part of the events or omissions giving rise to this lawsuit occurred in this District.

## THE POLICY

13. Colony issued Policy No. 101 FO 0021946-03 to Alan Baggett for the Policy Period of May 31, 2018 to May 31, 2019 (the "Policy").

14. The Policy's Farm & Ranch Liability Coverage Part includes $300,000 each occurrence and $600,000 aggregate limits of liability under Coverage H – Bodily Injury and Property Damage Liability. *See* Policy, Farm & Ranch Coverage Part Declarations.

15. Subject to all of the stated terms, conditions and limitations, Coverage H provides coverage for those sums that the "insured" becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies that occurs during the policy period and was caused by an "occurrence." *See* Policy, Farm Liability Coverage Form, Section I.1.

16. Alan Baggett is the named insured and an "insured" under the Policy. *See* Policy, Farm & Ranch Coverage Part Declarations, and Farm Liability Coverage Form, Section IV.11 (defining "insured").

17. Under Coverage H, there is a $25,000 each occurrence and general aggregate sublimit with respect to "hostile fires" (the "Hostile Fire Sublimit"). Specifically, the Policy provides that $25,000 is the most Colony will pay under Coverage H that the "insured" becomes legally obligated to pay for:

> "bodily injury" … based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving, in whole or in part from a controlled fire set by or on behalf of an "insured"

> that becomes a "hostile fire," and to which this insurance applies. Coverage includes but is not limited to fire damage, heat, smoke or fumes from a fire.
>
> This sub-limited coverage also applies to any "bodily injury" or "property damage" based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving, in whole or in part from a controlled fire set by or on behalf of an "insured" that may result in fire damage, heat, smoke or fumes including but not limited to the burning off [of] crop stubble or other vegetation that is consistent with normal and usual agricultural practice, and to which this insurance applies.

*See* Policy, Farm Liability Coverage Form, Section II, as amended by the Limited Fire Damage, Heat, Smoke, Fumes, or Chemical Drift Coverage Endorsement (the "Limited Fire Damage Coverage Endorsement").

18. The Policy defines the term "hostile fire" to mean "[a fire] which becomes uncontrollable or breaks out from where it was intended to be." *See* Policy, Farm Liability Coverage Form, Section IV.8.

19. The Limited Fire Damage Coverage Endorsement further provides that the $25,000 Hostile Fire Sublimit includes defense costs, and is the most that Colony will pay as damages sustained and expenses incurred in the defense and adjustment of claims or "suits" asserted in any one "occurrence." *See* Policy, Limited Fire Damage Coverage Endorsement.

20. Coverage H is subject to a "Pollution Exclusion," which provides that coverage does not apply to:

> **(1)** "Bodily injury" and "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":
>
> **(a)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any "insured". However, this subparagraph **(1)(a)**, does not apply to:
>
> \*\*\*
>
> **(ii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire" ….

4

**\*\*\***

    **(d)** At or from any premises, site or location on which any "insured" … [is] performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured"[.] … However, this subparagraph, **(1)(d),** does not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire" ….

*See* Policy, Farm Liability Coverage Form, Section I.2.c.

21.    The term "pollutants" is defined by the Policy to mean "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." *See* Policy, Farm Liability Coverage Form, Section IV.19.

## THE UNDERLYING ACTION AND CLAIM FOR COVERAGE

22.    On or about May 11, 2021, Kimberly Howell filed the action captioned *Howell v. Baggett*, No. 21-CG-0332-JH (Ga. Super. Ct., Laurens Cnty.) (the "Underlying Action") against Alan Baggett. *See* Complaint, attached as **Exhibit A**.

23.    In the Underlying Action, Ms. Howell alleges that she was an invitee of Mr. Baggett's on or about May 18, 2019 and was on Mr. Baggett's property as a social guest. *See* Complaint, ¶¶ 8-9.

24.    As alleged in the Complaint, Mr. Baggett was burning material on his property while Ms. Howell was standing and observing the controlled fire. *See* Complaint, ¶¶ 12-13. More specifically, upon information and belief, the controlled fire set by Mr. Baggett involved the burning of crop stubble or other vegetation, consistent with normal and usual agricultural practice—specifically, that Mr. Baggett was burning one acre of land for purposes of clearing the land.

25. Plaintiff alleges that Mr. Baggett threw an accelerant onto the fire, in the form of fuel, that caused a flare up, causing Ms. Howell to suffer extensive burns on her body. *See* Complaint, ¶¶ 14-16.

26. The Complaint asserts causes of action for negligence and premises liability against Mr. Baggett, alleging that Mr. Baggett breached duties owed to Ms. Howell that proximately caused her injuries. *See* Complaint, ¶¶ 18-25.

27. Mr. Baggett tendered the Underlying Action to Colony for coverage under the Policy.

28. Colony has offered the $25,000 Hostile Fire Sublimit to settle Ms. Howell's claims in the Underlying Action, which includes and is eroded by payment of defense costs.

29. Defendants dispute Colony's position that the Hostile Fire Sublimit of $25,000 applies, and contend that Colony owes up to $300,000 in coverage in connection with the Underlying Action under the Policy.

30. In order to preserve the available $25,000 Hostile Fire Sublimit for settlement of Ms. Howell's claims, Colony is filing this declaratory judgment action before the sublimit is exhausted by payment of defense costs.

## COUNT I – REQUEST FOR DECLARATORY RELIEF
## HOSTILE FIRE SUBLIMIT

31. Colony incorporates by reference paragraphs 1-30 as if fully set forth herein.

32. Pursuant to the Hostile Fire Sublimit, $25,000 is the most Colony will pay under Coverage H that the "insured" becomes legally obligated to pay for

> "bodily injury" … based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving, in whole or in part from a controlled fire set by or on behalf of an "insured" that becomes a "hostile fire," and to which this insurance applies. Coverage includes but is not limited to fire damage, heat, smoke or fumes from a fire.

> This sub-limited coverage also applies to any "bodily injury" or "property damage" based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving, in whole or in part from a controlled fire set by or on behalf of an "insured" that may result in fire damage, heat, smoke or fumes including but not limited to the burning off crop stubble or other vegetation that is consistent with normal and usual agricultural practice, and to which this insurance applies.

*See* Policy, Farm Liability Coverage Form, Section II, as amended by the Limited Fire Damage Coverage Endorsement.

33. The Policy defines "hostile fire" to mean "one which becomes uncontrollable or breaks out from where it was intended to be." Policy, Farm Liability Coverage Form, Section IV.8.

34. The Complaint in the Underlying Action alleges that Ms. Howell suffered injuries arising out of, resulting from, or involving a controlled fire set by Mr. Baggett that became a "hostile fire" when it flared up by Mr. Baggett's addition of fuel to the fire and broke out from where it was intended to be.

35. In addition, Ms. Howell alleges that she suffered injuries arising out of, resulting from, or involving a controlled fire set by Mr. Baggett involving the burning of crop stubble or other vegetation, consistent with normal and usual agricultural practice—specifically, that Mr. Baggett was burning one acre of land for purposes of clearing the land.

36. Therefore, the $25,000 Hostile Fire Sublimit under Coverage H applies and limits any coverage for the Underlying Action to $25,000.

37. Defendants dispute Colony's position that the Hostile Fire Sublimit of $25,000 applies, and contend that Colony owes up to $300,000 in coverage in connection with the Underlying Action under the Policy.

## COUNT II – REQUEST FOR DECLARATORY RELIEF
## POLLUTION EXCLUSION (IN THE ALTERNATIVE)

38. Colony incorporates by reference paragraphs 1-30 as if fully set forth herein.

39. Pursuant to the Pollution Exclusion, coverage under the Policy does not apply to:

**(1)** "Bodily injury" and "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

   **(a)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any "insured". However, this subparagraph **(1)(a)**, does not apply to:

   **\*\*\***

   **(ii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire" ….

**\*\*\***

   **(d)** At or from any premises, site or location on which any "insured" … [is] performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured"[.] … However, this subparagraph, **(1)(d),** does not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire" ….

Policy, Farm Liability Coverage form, Section I.2.c.

40. The term "pollutants" is defined to include "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." Policy, Farm Liability Coverage Form, Section IV.19.

41. The Complaint in the Underlying Action alleges injury arising out of the release or escape of "pollutants"—that is, the flare up of flames caused by the addition of fuel to the fire—at or from the premises owned or occupied by Mr. Baggett, or where Mr. Baggett was performing operations and brought the "pollutants" to the premises in connection with such operations.

42. Therefore, to the extent that the alleged flare up of flames by the addition of fuel that injured Ms. Howell does not constitute a "hostile fire" as defined in the Policy, the Pollution Exclusion applies to bar any coverage for the Underlying Action.

43. Defendants dispute Colony's position that the Pollution Exclusion applies and contend that Colony owes coverage in connection with the Underlying Action under the Policy.

WHEREFORE, Colony Insurance Company respectfully moves this Court for entry of Declaratory Judgment in its favor as follows:

a) Declaring that the Hostile Fire Sublimit under Coverage H applies to limit any coverage under the Policy for the Underlying Action to $25,000;

b) Alternatively, to the extent that it may be determined that the Underlying Action does not allege a "hostile fire," declaring that the Pollution Exclusion applies to bar all coverage under the Policy, such that Colony owes no duty to defend or indemnify Alan Baggett or any other party in connection with the Underlying Action or the May 18, 2019 incident;

c) Awarding such further relief as the Court may deem appropriate.

Dated: January 12, 2022

                                **ROBERTS TATE LLC**

                                /s/ Parker J. Lavin
Parker J. Lavin
Georgia Bar No. 834623
plavin@robertstate.com.com
Jason M. Tate
Georgia Bar No. 140827
jtate@robertstate.com.com
Lena Mirilovic
Georgia Bar No. 248218
*Attorneys for Plaintiff Colony Insurance Company*

2487 Demere Road, Suite 400
St. Simons Island, GA 31522
912.638.5200 (telephone)
912.638.5300 (facsimile)

9