IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 322-003 |
| | * | |
| ALAN BAGGETT and KIMBERLY HOWELL, | * | |
| | * | |
| Defendants. | * | |

O R D E R

Plaintiff Colony Insurance Company brought this declaratory judgment action to determine its rights and obligations under the insurance policy it issued to Defendant Alan Baggett in a state lawsuit filed against him by Defendant Kimberly Howell. At present, Plaintiff has moved for summary judgment, contending that the coverage issue may be determined as a matter of law. For the reasons that follow, the Court grants summary judgment to Plaintiff.

I.   BACKGROUND

Neither Defendant disputes the following facts. Plaintiff issued a "Farm & Ranch" liability insurance policy, Policy No. 101 FO 0021946-03, to Defendant Baggett for the Policy Period of May

31, 2018 to May 31, 2019. (Pl.'s St. of Undisputed Material Facts, Doc. No. 5-1, ¶ 1.) The Policy is attached to the motion for summary judgment as Exhibit A.[1]

Coverage H of the Policy provides coverage to the insured, Defendant Baggett, in the amount of $300,000 for each occurrence and $600,000 aggregate for "those sums that the 'insured' becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage'." (Id. ¶¶ 2-3.) Coverage H, however, is subject to an endorsement titled "Limited Fire Damage, Heat, Smoke, Fumes, or Chemical Drift Coverage." This endorsement, known by the parties as the "Hostile Fire Sublimit," provides that coverage is limited to $25,000 for each occurrence and in the aggregate. (Id. ¶ 5.) That is, under the "Hostile Fire Sublimit," $25,000 is the most Plaintiff is obligated to pay on behalf of the insured for

> "bodily injury" . . . based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving, in whole or in part from a controlled fire set by or on behalf of an "insured" that becomes a "hostile fire", and to which this insurance applies. Coverage includes but is not limited to fire damage, heat, smoke or fumes from a fire.

---

[1] In response to the motion for summary judgment, Defendant Baggett complains that the policy is "an unauthenticated copy" and thus does not provide an evidentiary basis for the Court to rule on the coverage issue. (Def. Baggett's Br. in Opp'n, Doc. No. 32, at 1-2.) Both Defendants, however, have admitted to the terms of the Policy as outlined herein by not disputing the relevant portions of Plaintiff's Statement of Undisputed Facts.

2

(Id.) The $25,000 Hostile Fire Sublimit includes defense costs and expenses. (Id. ¶ 6.) The term "hostile fire" is defined under the Policy as a fire "which becomes uncontrollable or breaks out from where it was intended to be."[2] (Id. ¶ 7.)

Defendant Howell has filed a lawsuit in the Superior Court of Laurens County, Georgia against Defendant Baggett ("the underlying action"), alleging that she was on Defendant Baggett's property on May 18, 2019, as a social guest and invitee. (Id. ¶¶ 10-11.) The complaint in the underlying action further alleges that Defendant Baggett was burning material on his property while Defendant Howell stood and observed the fire.[3] (Id. ¶ 12.) At some point, Defendant Baggett threw an accelerant onto the fire, causing a flare up that resulted in extensive burns to Defendant Howell. (Id. ¶ 13.) Defendant Howell seeks damages from Defendant Baggett on state law claims of negligence and premises liability in the underlying

---

[2] The Policy also contains an exclusion to coverage that the parties refer to as the "Pollution Exclusion." Because resolution of this case rests in the application of the Hostile Fire Sublimit, the Court need not discuss the Pollution Exclusion.

[3] Defendants dispute that the fire occurred as alleged in the Defendant Howell's complaint and therefore "dispute" the Statement of Undisputed Facts, specifically Paragraphs 12 and 13, that relate to the *allegations* of the complaint. Relevant to this case, however, is only what Defendant Howell's state court complaint alleges because the Court has been called upon to determine if the Policy limits Plaintiff's liability to $25,000 in the underlying action based upon the *allegations* of the state court complaint. Because Paragraphs 12 and 13 of Plaintiff's Statement of Undisputed Facts accurately reflect the allegations of the state court complaint, Defendants' objections to the paragraphs are unfounded.

3

action.  (Id. ¶ 14.)  Defendant Baggett tendered the underlying action to Plaintiff for coverage under the subject Policy.

Attaching the complaint in the underlying action, Plaintiff filed the instant case on January 13, 2022, asking the Court to declare that the "Hostile Fire Sublimit" to Coverage H under the Policy limits its duties and obligations to its insured, Defendant Baggett, in the underlying action to just $25,000.  Plaintiff now seeks judgment as a matter of law on this issue.  The Clerk gave the nonmoving parties, Defendants Kimberly Howell and Alan Baggett, notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default.  (Doc. No. 6.)  Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied.  The time for filing materials in opposition has expired, and the motion is ripe for consideration.

## II.   SUMMARY JUDGMENT STANDARD

The Court should grant summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The purpose of the summary judgment rule is to dispose of unsupported claims or defenses which, as a matter of law, raise no genuine

issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

In considering a motion for summary judgment, all facts and reasonable inferences are to be construed in favor of the nonmoving party. Hogan v. Allstate Ins. Co., 361 F.3d 621, 625 (11th Cir. 2004). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is *material* to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoted source omitted) (emphasis supplied). The party opposing the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue to be tried." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

### III.  LEGAL ANALYSIS

The Court views the Hostile Fire Sublimit as an exclusion of coverage; that is, if the provision applies, the Policy excludes coverage except up to $25,000. "Under Georgia law, an insurer seeking to invoke a policy exclusion carries the burden of proving

5

its applicability in a given case. An insurer can carry its burden of showing that a policy exclusion applies by relying exclusively upon the allegations against the insured in the underlying complaint." First Specialty Ins. Corp. v. Flowers, 644 S.E.2d 453, 455 (Ga. Ct. App. 2007); see also Travelers Prop. Cas. Co. of Am. v. Kansas City Landsmen, LLC, 592 F. App'x 876, 882 (11th Cir. 2015) ("An insurer has no duty to defend when the allegations in an underlying complaint are excluded by a specific policy provision." (cited sources omitted)); Auto-Owners Ins. Co. v. State Farm Fire & Cas. Co., 678 S.E.2d 196, 199 (Ga. Ct. App. 2009) ("[A]n insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy.").

In this case, Plaintiff asks the Court to determine whether the allegations against Defendant Baggett in the underlying action fall within the Hostile Fire Sublimit.[4] The Hostile Fire Sublimit unambiguously limits Plaintiff's obligation to pay the insured for bodily injury arising out of, attributable to, resulting from, in consequence of, or in any way involving a controlled fire set by its insured that becomes a "hostile fire" as that term is defined in the Policy. The inclusive and broad prefatory language of the

---

[4] Thus, Defendant Baggett's stated concern that the allegations of the complaint in the underlying action are not "evidence" is beside the point. (See Def. Baggett's Br. in Opp'n at 1 (stating that the allegations of the complaint "are not evidence and without any probative value whatsoever with regard to the issues which must be decided by this court in this declaratory judgment action").

6

Hostile Fire Sublimit clearly covers any claim of bodily injury that was caused in any way, directly or indirectly, by a controlled fire that became a "hostile fire." A "hostile fire," in turn, is one that becomes uncontrollable or breaks out from where it was intended to be. Defendant Howell's complaint alleges that she was injured when the controlled fire set by Defendant Baggett "flare[d] up" with the accelerant. A "flare up" of fire, by its very nature, is one that breaks out of where it is intended to be or one that has become uncontrollable, even if for an instant. Here, the allegations about the "flare up" of fire in the underlying action fall squarely within the definition of "hostile fire."

In response, Defendant Howell attempts to create an ambiguity in the definition of "hostile fire" by submitting the affidavit of Defendant Baggett in the underlying action. (See Aff. of Alan Baggett, Doc. No. 18, Ex. A.) First, as stated, the coverage issue before the Court is a question of law to be determined based on the language of the policy and the allegations of the complaint in the underlying action. Second, the affidavit is not contrary to the complaint allegations. In the affidavit, Defendant Baggett states that he was performing controlled burns of various piles of debris on his property. (Baggett Aff. ¶ 12.) When he reached the third pile of debris, he ignited it the same as prior piles by evenly pouring an accelerant onto the pile, allowing it to settle over the debris, and then igniting the pile. (Id.) He avers that

the pile was "burning slowly and had very little open flames." (Id.) He then added accelerant to the outer edges of the pile which caused a "flash ignition that created a large flame." (Id.) Defendant Howell was seated 12 to 15 feet away from the pile when she was injured.[5] (Id.) In his affidavit, Defendant Baggett claims he did not "reasonably expect[] to cause a sudden, uncontrollable combustion" and that Defendant Howell was "at a reasonably safe distance" away from the burn area. (Id.)

In the Court's view, there is no material difference between the allegations of the complaint and the affidavit. Both relate that Defendant Baggett put accelerant on the debris pile (even if just the outer edges) that caused a "flash ignition" or "flare up" sufficient to injure Defendant Howell from 12-15 feet away. Whether Defendant Baggett intended the fire to "flare up" as it did is immaterial. It certainly does not create an ambiguity in the definition of hostile fire. In fact, Defendant Baggett's affidavit solidifies that the incident falls within the Hostile Fire Sublimit because the only reasonable conclusion is that the fire was a sudden, *uncontrollable* combustion or was not where it was intended to be when it caused Defendant Howell's injuries, whether intentionally so or not.

---

[5] Defendant Baggett was closer to the pile and was also injured. (Id.)

8

Having failed to identify an ambiguity in the contract, the interpretation of the Policy is a question of law and may be resolved on summary judgment. See, e.g., J&D Int'l Trading Co. (Hong Kong) Ltd. v. Plasmet, LLP, 2015 WL 12602442, at *6 (N.D. Ga. Jun. 16, 2015) (cited sources omitted). Here, the allegations in Defendant Howell's complaint in the underlying action fall within the unambiguous terms of the Hostile Fire Sublimit; thus, the Hostile Fire Sublimit applies to limit any coverage under the subject Policy for the underlying action to $25,000.

## IV. CONCLUSION

Upon the foregoing, Plaintiff Colony Insurance Company's motion for summary judgment (doc. no. 5) is **GRANTED**. The Clerk is directed to **ENTER JUDGMENT** in favor of Plaintiff, tax costs against Defendants, and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of August, 2022.

_____
UNITED STATES DISTRICT JUDGE